M’Girk, C. J.,
delivered the opinion of the Court.
This was an action of debt,.brought on a recognizance, and judgment against the-plaintiff. None of the exceptions taken by the defendant’s demurrer are sustainable and the judgment cannot he reversed for any thing thereby alledged'.- But when the Court come to give judgment, after overruling the demurrer, gave judgment for the amount of the recognizance to be discharged with a less sum. This is error. It is said, in Washington's Reports, that the latter part of the judgment is only surplusage, and that it does not vitiate the judgment, which- is well entered. The case in Washington’s Reports, 1 Wash. 91, is not law in this State ;■ neither is this like the cases in Burrow, where the judgment for debt was well, and the judgment for costs was wrong. These, then, were two distinct things, and two judgments; so one part might be-reversed, and the other stand; But here, the defeasance part is a part of the judgment, and added without the authority of law.
Therefore, the whole must be reversed, with costs; and this Court, proceeding to give such judgment as the Court below ought to have given, order judgment to hsentered for the whole amount of the recognizance.